Jones, J.,
delivered the opinion of the Court.
This was originally an action of debt for twenty-five dollars, brought by the plaintiff against the defendant, before a Justice of the Peace of Cape Girardeau county, who gave judgment against the defendant for costs. From this judgment the plaintiffs prayed and obtained an appeal to the Circuit Court, who gave judgment against the plaintiffs for costs; the cause being submitted to the Court. During the trial, a bill of exceptions was filed to the opinion of the Court, for rejecting the testimony of Ravenscroft, one of the administiators, to prove facts that came to his knowledge before he was administrator. A writ of error having been brought, to reverse the judgment of the Circuit Court, and the only error assigned is on the hill of exceptions for rejecting the testimony of the administrator. The defendant did not join in error, but moved the Court to dismiss the writ of error for want of jurisdiction in this Court, the demand being for loss than one hundred dollars, exclusivo of costs. The defendant relied on the fifth section of the act regulating the proceedings of the Supreme Court, aporoved 12th December, 1820, which provides that the jurisdiction of the Supreme Court, in cases not specially provided for by the Constitution of this State, shall he limited to appeals, writs of error, or supersedeas, to reverse the decrees <5f the Court of Chancery, or judgment of the Circuit Courts, where the matters in controversy shall be equal in value, exclusive of costs, to one hundred dollars, &c. The plaintiffs contend that the act of Assembly, limiting the sums fur which a writ of error or appeal may lie, is unconstitutional and void by the 2d section of the 5th article of the State Constitution, which declares that the Supreme Court, except in cases otherwise directed by the Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State; and also, by the 3d section of the same article, which declares that the Supreme Court shall have a general superintending control over all inferior Courts of Law. The decision of this Court in the case of Wolverton’s administrators against Priest, made at this term, settles the question that a writ of error lies, in cases where the matter in controversy shall not be equal in value to one hundred dollars, exclusive of costs. Therefore the motion for quashing the writ of error is, overruled. As to the other question on the hill of exceptions to the opinion of the Court, for rejecting the testimony of Ravenscroft, one of the administrators, it has also been decided, in the opinion of the Court delivered at this term, in the cause of Wolverton’s administrators against Priest, that the testimony of the administrator ought to have been admitted and received; and, therefore, the opinion of the Circuit Court on this point was erroneous.
*159 The judgment of the Circuit Court is, therefore, reversed, with costs, and the cause is remanded to the Circuit Court for a new trial, with instructions to the said Circuit Court, that if, upon such new trial, the testimony of the administrator is offered, and it shall appear he is not interested either as distributee or creditor, such, his testimony, shall he admitted and received.